Klajda v. Wilandt.

---

### Frank Klajda et al. v. August Wilandt.

1. Costs—*Where the Question of Re-taxation Can Not be Raised in the Appellate Court.*—Where there has been no effort to have the costs retaxed in the court below, the question of re-taxation can not be raised in the Appellate Court.

**Bill for a General Settlement,** under the mechanic's lien law. Appeal from the Circuit Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed December 18, 1900.

Elmer H. Adams, attorney for appellants.

J. S. Dudley, attorney for appellee.

Mr. Justice Horton delivered the opinion of the court.

In this case appellee, as owner of certain premises, filed

a bill for general settlement under the provisions of the mechanic's lien statute in force July 1, 1895.

By agreement between the appellee and the appellant Klajda, the latter was to erect a dwelling house for the former.   There were two contracts, one for $4,460, and one for $140, making $4,600 as the contract price.   By the master's report Klajda (appellant) was allowed $24.50 for extras, on account of which appellee had paid $5, leaving $19.50, which; added to the contract price, makes $4,619.50, the total amount allowed to appellant by the master in stating the account.   Appellee had made payments amounting to $4,026.25, which, being deducted from the total amount allowed to appellant, leaves a balance of $593.25. Appellee claimed damages by reason of the failure of appellant to properly perform his contract, and the master allowed such damages, to the amount of $316.65.   This being deducted from the balance shown above, leaves $276.60 still due from appellee.

Appellant contends that the master should have allowed to him in the accounting $435.05 more than was allowed for extras, and that no part of said sum of $316.65 should have been allowed to appellee as damages.   Thus the difference between the parties is $751.70.

It is not deemed necessary to enlarge this opinion to the extent which it would require if the testimony as to each one of the numerous items claimed as either extras or damages be reviewed in detail.   We have carefully examined the abstract and briefs of counsel as to these items and are of opinion that the finding of the master is supported by the testimony.   It does not appear from the abstract that there was any objection to the admission of any of the testimony introduced before the master.   There is, therefore, no question of law preserved as to that, and none is claimed in briefs.

The only other error claimed or argued by counsel for appellant in his brief is that it was error to order or decree the payment of all the costs in this case out of the amount found to be due from appellee.   Assuming that such is the

decree it is not for that reason erroneous.  There was no effort to have the costs retaxed in the trial court and there is therefore no question before this court as to the amount of costs.

There is no decree abstracted or even mentioned or referred to in the abstract.  We might for that reason have dismissed the appeal.  It appears from allegations in the bill that there were a considerable number of sub-contractors who had obtained judgments against appellee, but there is no argument as to their claims, neither is there any testimony shown in the abstract to sustain, or presenting any such claims or judgment therefor.  What the alleged decree may provide as to them, if anything, is not shown by the abstract of record.  A preliminary injunction was ordered against the defendants and that is all.  It is in effect conceded by both parties that a decree was entered and no error is shown in it or in entering it.

The decree of the Circuit Court is affirmed.